IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIND BALU,<br><br>    Plaintiff,<br><br>  v.<br><br>ASSOCIATE DEAN ROBERT JACOBSEN, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 06-6133 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR SANCTIONS** |

    Defendants have filed a motion to dismiss the complaint, or alternatively for a more definite statement, which is currently scheduled for a hearing on January 12, 2007. Plaintiff, who is acting pro se, has filed an opposition, a motion for summary judgment, and a request for a one month continuance to allow him to retain counsel. Pursuant to Civil Local Rule 7-1(b), the Court determines the motions are appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court GRANTS defendants' motion to dismiss, GRANTS plaintiff leave to amend the complaint, and DENIES plaintiff's motion for summary judgment. The Court DENIES plaintiff's request for a continuance of the motions. However, the Court will allow plaintiff one month to retain counsel and file an amended complaint. The amended complaint must be filed no later than **February 12, 2007**.

## BACKGROUND

    On September 29, 2006, plaintiff filed a complaint under 42 U.S.C. § 1983 against defendants Associate Dean Robert Jacobsen and Director of Undergraduate Advising Avis Hinkman, both of the University of California at Berkeley. Plaintiff is an undergraduate at U.C. Berkeley. Although

somewhat unclear, plaintiff's complaint appears to arise out of defendants' denial of his request in late May 2006 to "late drop" a class.[1] Complaint at 3. Plaintiff's complaint also alleges, *inter alia*, that he has a disability requiring accommodations, and his opposition to defendants' motion to dismiss asserts that he has "never been provided the reasonable accommodation of notetakers in a timely fashion." *Id.*; Plaintiff's Opposition at 5.

Plaintiff also alleges that he was "wrongfully convicted, imprisoned, and designated a registered campus sex offender for a period lasting nine years until exoneration and dismissal of these charges by the Superior Court of California and the District Attorney." Complaint at 3. Plaintiff generally alleges that defendants have discriminated against him based on his status as a registered sex offender; it is unclear precisely how defendants allegedly discriminated against plaintiff, aside from the denial of the "late drop" request.

Plaintiff's complaint alleges three largely duplicative claims: (1) "right to equal protection of law in the pursuit of higher education, right to equal protection of law under the ADA and CDA, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc."; (2) "right to be free of bills of attainder, right to be free of fear, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc."; and (3) "right to equal access and opportunity at a public university, right to free speech and free association, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc."

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*

---

[1] According to plaintiff's request for the "late drop," which was attached as an exhibit to the complaint, the deadline for dropping a class is the fifth week in the semester; the attachment states that the deadline passed sometime in late February 2006.

*by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Defendants' motion to dismiss**

   **A.    Due Process**

Plaintiff alleges that defendants violated his due process rights by denying his request to "late drop" a class. "To establish a violation of procedural due process a plaintiff must demonstrate: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006). Defendants contend that there is no protected liberty or property interest in a "late drop," and thus as a matter of law, plaintiff's due process claim fails.

The Court agrees and finds *Swany v. San Ramon Valley Unified School District*, 720 F. Supp. 764 (N.D. Cal. 1989), instructive. In *Swany*, the court held there was no due process violation when a school delayed conferring a diploma until all graduation requirements had been met. *Id.* at 774-75. Here, the Court is skeptical that plaintiff can even claim a property interest in dropping a class, as opposed to obtaining the diploma in *Swany*. However, even assuming that plaintiff did have such an interest, the complaint and attachments show that, like the plaintiff in *Swany*, plaintiff did not comply with the applicable deadlines. Instead, according to plaintiff's own submissions, he submitted his request "in late May 2006," far past the "late February" deadline. Accordingly, the Court concludes that

plaintiff's due process claim fails, and DISMISSES this claim without leave to amend.

### B.  Equal Protection

Plaintiff's complaint also generally alleges that he was treated differently than other students at U.C. Berkeley, in violation of his equal protection rights. To state a claim for violation of one's equal protection rights, a plaintiff must allege that he was treated differently from others similarly situated, and that there was no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 1074 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.").

Plaintiff will be given leave to amend this claim. If plaintiff wishes to allege an equal protection claim, he must specifically identify how he was treated differently than other students, how those other students are "similarly situated" to him, and why there is no rational basis for the difference in treatment.

### C.  Americans with Disabilities Act

Plaintiff's complaint alleges, albeit generally and imprecisely, that defendants have violated his rights under Title II of the Americans with Disabilities Act by denying and/or delaying provision of reasonable accommodations. It is unclear whether plaintiff also alleges that defendants discriminated against him on the basis of his disability. Defendants assert plaintiff's claims fail because the University of California is immune from claims under the Americans with Disabilities Act. However, the Ninth Circuit has repeatedly rejected that contention. *See Phiffer v. Columbia River Correctional Inst.*, 384 F.3d 791, 792-93 (9th Cir. 2004) ("Our precedent clearly commands the conclusion that the State is not entitled to Eleventh Amendment immunity under Title II of the ADA.").

Defendants correctly assert that they may not be sued individually under Title II of the Americans with Disabilities Act. *See Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002). However, the Ninth Circuit has also held that a plaintiff may seek injunctive relief under Title II against an individual in his or her official capacity. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

4

The Court will grant plaintiff leave to amend the Americans with Disabilities Act claim.[2] If plaintiff chooses to amend, he must allege that he is a person with a disability under applicable laws, and he must provide specific facts regarding his requests for reasonable accommodations, and defendants' responses to his requests. If plaintiff contends that defendants have discriminated against him on the basis of his disability, the amended complaint must include specific facts supporting such a claim.

### D.     Other claims

Plaintiff's complaint generally alleges that defendants have violated his rights to free speech, freedom of religion, freedom of association, and "freedom from cruel and unusual punishment." If plaintiff wishes to pursue a claim under the First Amendment, he must plead specific facts describing the protected speech at issue, and how defendants interfered with his rights to free speech, freedom of religion and freedom of association.[3] *See generally Brown v. Li*, 308 F.3d 939 (9th Cir. 2002) (discussing case law regarding students' First Amendment rights); *see also Pinard v. Clatskanie Sch. Dist. 6J*, 446 F.3d 964, 978 (9th Cir. 2006).

Plaintiff's claim under the Eighth Amendment for cruel and unusual punishment fails as a matter of law. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (holding Eighth Amendment did not apply to public schools). Accordingly, plaintiff will not be granted leave to amend this claim.

## II.    Plaintiff's motion for summary judgment

Plaintiff's opposition to the motion to dismiss is also styled as a motion for summary judgment.[4] Plaintiff did not submit any evidence in support of the motion. For the reasons stated *supra*, the Court

---

[2] Plaintiff's complaint also references the "CDA." The Court assumes plaintiff is referring to the California Disabled Persons' Act, Cal. Civ. Code § 54 *et seq*. If plaintiff wishes to pursue a claim under the CDPA, plaintiff may include such a claim in the amended complaint.

[3] The Court notes that the complaint as currently pled includes only vague references to "speech," and does not contain any facts regarding plaintiff's exercise of religion or association. Plaintiff is cautioned that the allegations of any amended complaint must have a factual basis. *See* Fed. R. Civ. P. 11.

[4] Plaintiff also requests sanctions based upon defendants' filing of the motion to dismiss. That request is denied.

5

finds there are numerous deficiencies with the complaint as currently pled, and thus plaintiff's motion for summary judgment is premature. Should this case proceed to a stage in which a motion for summary judgment (filed by either party) is appropriate, plaintiff is encouraged to review Federal Rule of Civil Procedure 56 regarding summary judgment motions.

### III. Plaintiff's request for a continuance and for appointment of counsel

Plaintiff requests a one month continuance of the motions in order to allow him to secure counsel, and also requests appointment of counsel. The Court DENIES the request for a continuance. It is unnecessary to further delay this action, particularly in light of the fact that the Court will grant plaintiff one month to amend the complaint. The Court DENIES plaintiff's request for appointment of counsel, as plaintiff has neither identified a statutory basis for the appointment,[5] nor shown that his claims have sufficient merit to warrant appointment of counsel.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss, DENIES plaintiff's motion for summary judgment, and DENIES plaintiff's request for a continuance of the motions. (Docket Nos. 5, 13, and 14). Plaintiff's amended complaint must be filed no later than **February 12, 2007**. If plaintiff is unable to locate counsel and files an amended complaint *pro se*, plaintiff is instructed to clearly and concisely state each claim separately in the amended complaint.

**IT IS SO ORDERED.**

Dated: January 9, 2007

SUSAN ILLSTON
United States District Judge

---

[5] Plaintiff is not *in forma pauperis*.